IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Jimenez, Jr.,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro; Attorney General of the State of Arizona,<br><br>    Respondents. | No. CIV 06-0525-PHX-ROS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

    Johnny Jimenez filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 19, 2006, challenging his conviction in Maricopa County Superior Court for armed robbery, and the imposition of an aggravated 12-year prison term. He contends that he was denied the effective assistance of counsel when his trial attorney failed to interview witnesses, introduce potentially exculpatory evidence, present a defense, or make appropriate legal objections. Respondents claim that the arguments raised are either procedurally defaulted or without merit. The Court recommends that Jimenez's petition be denied and dismissed with prejudice.

**BACKGROUND**

    The facts supporting Jimenez's conviction are summarized in the court of appeals' memorandum decision:

> Defendant was charged with the armed robbery of a Circle K. The manager of the store testified that she followed defendant outside after he grabbed some beer. The manager saw defendant's hand resting on a small caliber handgun in his front right pocket; three times defendant threatened to "cap her" before he drove away. B.C., a former Circle K employee, was in the store at the time and also witnessed defendant grab the beer, go outside and drive away. While the manager was outside, B.C. stood in the doorway and relayed defendant's license plate number from the manager to an employee inside who called the police. During his opening statement and closing argument, defense counsel admitted that defendant had made a mistake by stealing the beer but argued that there was no armed robbery because defendant did not have a gun or threaten anyone. There were no defense witnesses and defendant did not take the stand.

(Doc. #11, Exh M at 2).

On direct review, counsel filed an *Anders*[1] brief. In his supplemental brief, Jimenez argued that his due process rights were violated when the trial court denied his motions for judgment of acquittal on the armed robbery charge and dangerous nature allegation (*Id.*, Exh D, E). He also argued that the prosecutor committed misconduct by (1) commenting on Jimenez's decision not to testify, (2) misstating the facts and law, (3) expressing his personal opinions about Jimenez's guilt, (4) vouching, and (5) soliciting testimony regarding Jimenez's prior bad acts (*Id.*). The Court of Appeals affirmed his conviction and sentence (*Id.*, Exh M).

In his first petition for post-conviction relief, Jimenez argued ineffective assistance of trial counsel for failure to interview a witness and introduce a surveillance videotape, and that the combination of counsel's errors undermined the result of his trial (*Id.*, Exh S). Included as purported errors were his inability to provide a defense, failure to introduce exculpatory evidence, interview any witness or to object at appropriate times (*Id.*). In summarily dismissing Jimenez's petition, the trial court found as follows:

> Defendant maintains that his trial attorney provided ineffective assistance. To obtain relief on ineffective assistance of counsel, a Defendant must make two showings:

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

>       (1)   That counsel's performance was not reasonable under all the circumstances; and
>
>       (2)   That there is a reasonable probability that but for counsel's unreasonable conduct that [the] result of the proceeding would have been different. <u>State v. Salazar</u>, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).
>
> The Court need not address both prongs of this test if the Defendant makes an insufficient showing on one. <u>State v. Rankovich</u>, 159 Ariz. 116, 765 P.2d 518, 524 (1988). Matters of strategy and tactics are committed to defense counsel's judgment and will not support claims of ineffective assistance. <u>State v. Batey</u>, 158 Ariz. 232, 250, 762 P.2d 519, 537 (1988). Finally, there is a strong presumption that counsel has provided effective assistance to a Defendant. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>State v. Walton</u>, 159 Ariz. 571, 592, 769 P.2d 1017, 1038 (1989), affirmed 497 U.S. 639 (1990).
>
> For the following reasons, the Court finds that Defendant has failed to present a colorable claim of ineffective assistance of counsel.
>
> A.   Failure to present testimony from James Nunez.
>
> The Court agrees with the State's analysis of the facts that were presented. The Court finds that hindsight criticism of defense counsel's tactical decision on whether or not to call James Nunez is not persuasive.
>
> B.   Failure to introduce the Circle K store's security videotape.
>
> The Court finds that Defendant has not shown that his attorney acted unreasonably by failing to have the videotape introduced and has not shown a reasonable probability that the jury would have returned a different verdict had the tape been introduced.
>
> C.   Cumulative error.
>
> Something that is not prejudicial error in and of itself does not become such error when coupled with something else that is not prejudicial error. <u>State v. Roscoe</u>, 184 Ariz. 484, 497, 910 P.2d 635, 648 (1996). The Court has ruled that the failure to call James Nunez and introduce the security videotape did not constitute ineffective assistance of counsel. Accordingly, Defendant is not entitled to relief on the theory of cumulative error.
>
> Defendant has failed to present a colorable claim for post-conviction relief.

(*Id*., Exh V).

Jimenez petitioned the court of appeals for review; it was denied (*Id*., Exh W, Y). His petition for review to the supreme court and his amended petition were both denied (*Id*., Exh Z, AA, BB). His second petition for post-conviction relief, reurging his previous claims that

- 3 -

1  counsel was ineffective for failing to interview Nunez, and failing to introduce the Circle K
2  surveillance videotape, was denied by the trial court as precluded under Ariz. R. Crim. P.
3  32.2(a) (*Id.*, Exh CC, DD). He did not seek review of the trial court's ruling.

## EXHAUSTION OF REMEDIES

5  A state prisoner must exhaust his state remedies before petitioning for a writ of habeas
6  corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-
7  66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust
8  state remedies, a petitioner must fairly present his claims to the state's highest court in a
9  procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In
10 Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by
11 properly pursuing them through the state's direct appeal process or through appropriate post-
12 conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v.
13 Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner
14 has described both the operative facts and the federal legal theory on which the claim is
15 based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled
16 on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini
17 v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001). The exhaustion requirement will not be met
18 where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

19 If a petition contains claims that were never fairly presented in state court, the federal
20 court must determine whether state remedies remain available to the petitioner. *See Rose v.
21 Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)
22 (O'Connor, J., concurring). If remedies are available in state court, then the federal court
23 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*
24 However, if the court finds that the petitioner would have no state remedy were he to return
25 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
26 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
27 court may decline to consider these claims unless the petitioner can demonstrate that a

- 4 -

1 miscarriage of justice would result, or establish cause for his noncompliance and actual
2 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
3 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
4 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

5 Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

In his first ground for habeas relief, Jimenez maintains that counsel's failure to interview Nunez, a Budweiser delivery man who was present inside the Circle K, was deficient performance which prejudiced Jimenez. However, defense counsel knew from having reviewed the police report that Nunez remained inside the store during the incident, and therefore only witnessed the theft, which Jimenez admitted committing, and not the armed robbery, which occurred outside the store. Failing to interview a witness, the substance of whose testimony is already known, is not deficient performance. *See Eggleston*

1  *v. United States*, 798 F.2d. 374, 376 (9th Cir. 1986).  In addition, Nunez's testimony would
2  not have changed the result.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).
3  Jimenez's  second ground, that trial counsel was deficient by failing to introduce the Circle
4  K videotape surveillance tape, fails for the same reason:  what occurred inside the store is
5  undisputed, and did not constitute evidence supporting the charge of armed robbery.

6  In his third ground for habeas relief, Jimenez argues that trial counsel was ineffective
7  by failing to present a defense.  Specifically, he argues that counsel's failure to interview
8  witnesses or present exculpatory evidence resulted in a failure to present a defense at trial.
9  Respondents contend that this ground was not fairly presented to the state court and is
10 procedurally defaulted.  The Court agrees that the state court did not interpret Jimenez's
11 cumulative error claim as including an argument that trial counsel failed to present a
12 defense.  It would also be futile were he to return to state court, because the claim would be
13 found precluded.  *Teague*.  Jimenez has not shown cause or prejudice to excuse the default.
14 *Coleman*.  In any event, the claim is without merit.  Jimenez does not specify what witnesses
15 should have been called, and what defense should have been put forward.  In addition, he
16 does not establish that had counsel chosen not to present the defense that Jimenez committed
17 theft, not armed robbery, and instead presented some alternative defense, that it would have
18 proven successful.  *See Totten v. Merkle*, 137 F.3d 1172, 1175 (9th Cir. 1998).

19 Finally, in his fourth ground, Jimenez alleges deficient performance due to counsel's
20 failure to make appropriate objections to leading questions, without citing specific instances.
21 With no contrary evidence, the Court presumes counsel's decision was based on sound trial
22 strategy.  *Strickland*, 466 U.S. at 687-88.  Assuming counsel had objected, the prosecutor
23 doubtless would have rephrased the question, allowing the jury to hear the same evidence;
24 Jimenez suffered no prejudice. *Id*. at 694.

25 **IT IS THEREFORE ORDERED** that Johnny Jimenez Jr.'s petition for writ of
26 habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

1    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of March, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 7 -